

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 25, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-842

Re: Validity and interpre-
tation of Article 19.01
(2), H.B. 11, 3rd C.S.,
56th Legislature, levying
an occupation tax on
brokers and factors as
applied to real estate
brokers and salesmen.

Dear Mr. Calvert:

With your letter requesting our opinion upon the above
question you enclosed a letter from the Texas Real Estate
Association, Inc. It is apparent that you adopted the
questions as phrased in this accompanying letter, as modified
by a subsequent letter from you, as those which you wished
to have this office answer. They are as follows:

"1) Are real estate brokers subject to
this occupation tax receipt under Article
19.01, Section (2) of Title 122-A, Taxation-
General of the Revised Civil Statutes of
Texas?

"2) Is a real estate salesman who is
employed on a salary or commission by a
broker subject to the tax as levied herein?

"3) Is this section as it applies to
real estate brokers and salesmen violative
of Section 35, Article III of the Constitu-
tion of the State of Texas?"

Since the third question bears directly upon the validity
of the Article in question, it should be the first answered.
Our conclusion is that the section, as applied to real estate
brokers and factors, is not violative of Article III, Section
35, Constitution of Texas. However, a brief discussion of the
history of the provision is here in order.

The occupation tax on brokers and factors previously
existed as subdivision 7 of Article 7047, Revised Civil
Statutes. In its original form, it was interpreted as taxing
only brokers of stocks and bonds. See Attorney General's

Opinion No. 0-4287. In 1943, the 48th Legislature (p. 654, ch. 372, § 2) amended the section to read substantially the same as in the present Article 19.01(2) of Title 122-A, under discussion, which we here set out:

> "Brokers and Factors. From every person, acting for himself or on behalf of another, engaged in the business or occupation of a Broker or Factor, whether he is principally engaged in such business or not, there shall be collected Twelve Dollars ($12) per year. A 'broker' or 'factor,' for the purpose of this subsection, is every person, who, for another and for a fee, commission or other valuable consideration, rents, buys, sells, or transfers, for actual spot or future delivery, or negotiates purchases or sales or transfers of stocks, bonds, bills of exchange, negotiable paper, promissory notes, bank notes, exchange, bullion, coin, money, real estate, lumber, coal, cotton, grain, horses, cattle, hogs, sheep, produce and merchandise of any kind; whether or not he receives and delivers possession thereof; provided that this subsection shall not apply to a salesman who is employed on a salary or commission basis by not more than one retailer, whole-saler, jobber, or manufacturer, nor shall this Subsection apply to or be construed to include persons selling property only as receivers, trustees in bankruptcy, executors, administrators, or persons selling under the order of any court, or any person who is included within the definition of any other occupation and is paying or subject to the payment of a tax under any other Sub-section of this Chapter; however, this ex-emption shall not apply to any individual engaged in more than one occupation as defined by the other Subsections of this Article."

It should be noted parenthetically that the amount of tax was raised from $10 (in the amended Art. 7047, Sec. 7) to $12 in the present Art. 19.01; also, the word "Chapter" was substituted for "Act" and the last word in the provision changed from "Act" to "Article". Otherwise the wording is identical.

Soon after the enactment of the amendatory act of 1943 purportedly extending the scope of this tax, Attorney General's

Opinion No. 0-5590, to Honorable Geo. H. Sheppard, Comptroller, declared such amendment invalid as applied to real estate brokers and factors in that it violated Art. III, Sec. 35, Constitution of Texas, which provides:

> "No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an Act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The pertinent part of the caption of the 1943 Act read as follows:

> "An Act. . .to amend Subsection 7 of Article 7047, as heretofore amended, so as to provide for an annual Occupation Tax of Ten Dollars ($10) per year to be collected from every 'broker' or 'factor', defining same, including brokers and factors of all classes, and exempting certain salesmen, and certain other persons;. . .providing that this Act or any portion of this Act shall not levy or be construed as levying any tax on any new occupation or occupations or be construed as levying any increased and/or additional tax of any kind or character whatsoever upon any person, firm, partnership, association and/or corporation;. . ."

Since the body of the amendatory act purported to levy an occupation tax on real estate brokers and factors (which had not theretofore been levied), while its caption clearly evinced an intention not to tax any new occupation, Opinion No. 0-5590 held the attempted levy invalid under the above constitutional provision.

The present question, therefore, is whether or not the republication of this provision, in virtually the same form, in another act, overcomes the prior constitutional objection. As indicated earlier, our opinion is that it does overcome such objection.

The caption to H. B. 11, 3rd C.S., 56th Leg., insofar as applicable here, reads as follows:

> "An Act revising and rearranging certain
> Statutes of Title 122 'Taxation' of the
> Revised Civil Statutes of Texas. . .into
> a new title to be known as Title 122-A
> 'Taxation-General' of the Revised Civil
> Statutes of Texas; revising statutes
> levying. . .miscellaneous occupation
> taxes. . . ."

The title thereby gives notice that H. B. 11 will have to do in part with revising statutes levying miscellaneous occupation taxes. As said in English & Scottish American Mortg. & Inv. Co., Ltd. v. Hardy, 93 Tex. 289, 55 S.W. 169 (1900):

> ". . .The object of the requirement that
> the subject of an act should be stated in
> its title is simply to direct attention to
> the subject to be legislated upon. Such
> subject is sufficiently indicated when the
> title gives the number of an article of the
> Code in which it is included, and the fact
> that a provision in such article may be
> unconstitutional does not lessen the effect
> of the reference to it as notice that it is
> to be made the subject of further legislation.
> The amendatory act derives no force as law
> from any virtue in the act amended, but takes
> its effect from the new exercises of legisla-
> tive power. If such power is exerted, and the
> legislative will expressed in accordance with
> the constitution, such expression becomes law
> without the aid of the statute referred to in
> the title, whether the latter is constitutional
> or not. The statute amended is referred to
> only to indicate the subject with which the
> legislature proposes to deal, and to such pur-
> pose its validity is not essential. The very
> object of the amendment may be to supply a
> constitutional enactment in the place of one
> which was unconstitutional. It is sometimes
> said, broadly, that since an unconstitutional
> statute is void, it cannot be amended, and
> that hence another statute attempting an amend-
> ment of it is void. It is doubtless true that
> the amendment of an unconstitutional law does
> not impart efficacy to it, but it by no means
> follows that the new statute is void. It may
> contain all the elements of a valid enactment,
> and therefore may have the force of law from

its adoption.  The mere fact that it
attempts to amend an invalid statute
cannot defeat it, when it is itself a
complete expression of legislative will,
made in conformity with constitutional
requirement.  While the invalid statute
may have no force of its own, it may
serve when properly referred to, to
indicate the subject upon which the
legislature proposes to pass a valid
law. . . ."

See also State v. Rice Properties, Inc., 163 S.W.2d 669
(Tex.Civ.App. 1942), err. ref'd.

In answer to your question number one, real estate brokers
are subject to the occupation tax under the above discussed
Article 19.01(2).  As pointed out above, "real estate" was one
of those items added to the enumeration of occupations in the
old Section 7 of Article 7047 by the amendatory act of 1943,
which failed because of the title defect.  It is clear that
the same provision in the new Title 122A includes real estate
brokers.

As to your second question, real estate salesmen are
subject to the same tax.  Your attention is directed to the
first part of Art. 19.01(2) which reads "From every person,
acting for himself or on behalf of another,. . . .".  Salesmen
pursuing any of the occupations taxed by the subsection, although
acting on behalf of one or more brokers,  are within the scope
of this mandate, and must pay the tax unless exempted therefrom
by the last proviso of the subsection, setting out certain
exemptions.  The first part of the proviso exempts any salesman
who is "employed on a salary basis or commission basis by not
more than one retailer, wholesaler, jobber, or manufacturer
. . .".  The Legislature, in the exercise of its broad powers
of classification for the purpose of taxation, has designated
that salesmen for these four classes of employers shall be
exempt from the operation of this tax.  Texas Co. v. Stephens,
100 Tex. 628, 103 S.W. 481 (1907); Hurt v. Cooper, 130 Tex. 433,
110 S.W.2d 896 (1937).  Real estate brokers could not be within
any of these categories; therefore, their salesmen are not
exempt by this language.  The result is the same regardless of
whether such salesmen are compensated on a salary or commission
basis.  A fact situation could conceivably arise where such a
salesman would fall within one of the other exemption provisions
in the subsection; however, we assume that your question primarily
contemplated their status under that part of the proviso dis-
cussed.

Your first and second questions are, therefore, answered in the affirmative and your third question in the negative.

## S U M M A R Y

Article 19.01(2), H.B. 11, 3rd C.S., 56th Legislature (Title 122A-Taxation-General) levies an occupation tax upon real estate brokers and upon salesmen for real estate brokers. This subsection is not unconstitutional as applied to real estate brokers and salesmen, under Art. III, Sec. 35, Constitution of Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By James R. Irion
James R. Irion
Assistant

JRI:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Marietta McGregor Payne
Howard Mays
Donald R. Benard
Z. J. Turlington

APPROVED FOR THE ATTORNEY GENERAL
By: Leonard Passmore